FILED
United States Court of Appeals
Tenth Circuit

January 7, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHICO C. DAVIS,

    Defendant - Appellant.

No. 15-3174

(D.C. Nos. 15-CV-1069-MLB and
6:11-CR-10194-MLB-1)
(D. Kan.)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

---

Defendant Chico Davis pled guilty to one count of distributing cocaine base and one count of distributing 50 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. § 841(a)(1), and eight counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Relying on Defendant's serious criminal history and the 93% purity of the methamphetamine involved in this case, the district court varied upward from the recommended guideline sentencing range of 151 to 188 months and sentenced Defendant to 308 months in prison.[1]

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The district court subsequently reduced Defendant's sentence from 308 months to 271 months pursuant to 18 U.S.C. § 3582(c)(2).

A panel of this Court affirmed. United States v. Davis, 599 F. App'x 815 (10th Cir. 2013) (unpublished). We assume the reader's familiarity with that decision. In brief, the panel ably explained the complex calculation of Defendant's recommended guideline range and the justifications for an upward variance. Employing plain error review, the panel rejected Defendant's argument that the district court failed to adequately consider "his argument that the recommended Guidelines sentence was already enhanced based on the ten-to-one disparity between actual methamphetamine versus methamphetamine mixture in the calculation of his Guidelines sentence." Id. at 819. The panel held "the district court gave [Defendant's] disparity argument its sufficient due," and committed no legal error "at all." Id. at 820. The Supreme Court denied certiorari.

Defendant next filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. In his motion Defendant thrice recast the argument he made on direct appeal, with no success. First, he claimed his counsel was ineffective in failing to object to the district court's failure to address his sentencing disparity argument. Second, he claimed he was indicted for a mixture containing methamphetamine but inappropriately sentenced for actual methamphetamine. Third, Defendant claimed his sentencing range was improperly enhanced based on facts not alleged in the indictment. The district court summarily rejected Defendant's arguments, denied his § 2255 motion, and informed him that any application for a certificate of appealability (COA) would also be denied. See 28 U.S.C. § 2253(c). After

2

Defendant filed a notice of appeal, the district court pursuant to 28 U.S.C. § 1915(a)(3), certified his appeal was not taken in good faith and denied his motion to proceed on appeal in forma pauperis (IFP). Now before this Court are Defendant's renewed application for a COA and motion to proceed IFP.

Defendant may not appeal the denial of relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To satisfy this standard, Defendant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). Our careful record review reveals that Defendant cannot satisfy the standard for issuance of a COA.

Defendant's first claim—that he received ineffective assistance of counsel based on counsel's failure to understand the applicable case law and hence press the aforementioned disparity argument upon the district court—is frivolous. As the panel opinion explained in some detail, Defendant's disparity argument, which his counsel raised in the context of an objection to an upward variance both in a sentencing memorandum and at the sentencing hearing, is a loser.[2] See Chico, 599

---

[2] In Chico, plain error review applied because Defendant "did not raise a
(continued...)

3

F. App'x at 20. Thus, Defendant cannot satisfy the prejudice prong of the Sixth Amendment's ineffective assistance standard. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

Defendant's argument that he was indicted for a methamphetamine mixture but improperly sentenced for pure methamphetamine is also wholly without merit. As the panel opinion explained:

> The Guidelines *dictate* that a defendant's advisory sentencing range for methamphetamine distribution is to be calculated using whichever drug weight—actual or mixed—would produce the greater offense level. *See* U.S.S.G. § 2D1.1(c)(B) . . . . In [Defendant's] case, the 'actual methamphetamine" amount of 53.3913 grams produced the greater offense level.

Chico, 599 F. App'x at 817 (emphasis added).

Lastly, Defendant says his sentence is unconstitutional in view of Supreme Court decisions that prohibit enhancement of a statutory mandatory minimum or statutory maximum sentence based on facts not charged in the indictment. See Apprendi v. New Jersey, 530 U.S. 466 (2000) (addressing statutory maximums); Alleyne v. United States, 133 S. Ct. 2151 (2013) (addressing statutory mandatory minimums). We think not. As the district court informed Defendant at his plea hearing, Defendant's mandatory minimum sentence was five years and his statutory maximum was 40 years. See 21 U.S.C. § 841(b)(1)(B) (viii). At sentencing, the

---

[2](...continued)
contemporaneous objection to the district court's explanation of his sentence at the time of the hearing." 599 F. App'x at 819.

4

court found no fact that increased either the statutory mandatory minimum or maximum sentence for Defendant's methamphetamine offense.

Accordingly, Defendant's application for a COA is DENIED and this appeal is DISMISSED.  Defendant's motion to proceed on appeal IFP is DENIED as moot.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge